# EXHIBIT C

Case 1:25-cv-00465    Document 1-3    Filed 03/28/25    Page 2 of 11

Filed 2/19/2025 4:06 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

CAUSE NO. 24-17982

| | | |
|---|---|---|
| IN RE: | § § § § § | IN THE DISTRICT COURT OF |
| | | GILLESPIE COUNTY, TEXAS |
| CREATE HEALTHY FOUNDATION | | |
| | | 216TH JUDICIAL DISTRICT |

### CREATE HEALTHY FOUNDATION'S MOTION TO SEVER

Pursuant to Texas Rule of Civil Procedure 41, Petitioner Create Healthy Foundation (the "Foundation") hereby files this Motion to Sever (the "Motion") in the above-captioned and -numbered lawsuit (the "Lawsuit"), and, in support thereof, respectfully shows the Court the following:

### I.    REASONS TO GRANT THE MOTION

1.1.    For the following reasons and good cause shown herein, the Foundation respectfully requests that the Court:

(1)    Grant the Motion;

(2)    Sever any claims Mr. Geistweidt attempts to lodge against either the Foundation or any other party in the Lawsuit regarding the Schwindt Fund and/or the Schwindt Estate; and

(3)    Award the Foundation all other and such further relief to which it may be entitled either at law or in equity.

### II.    FACTUAL BACKGROUND

**A.    The Foundation's Formation, Purpose, and Authority**

2.1.    The Hill Country Memorial Hospital Foundation was formed as a nonprofit corporation on October 27, 1989. It was later amended and restated on June 9, 2023 as the

Case 1:25-cv-00465   Document 1-3   Filed 03/28/25   Page 3 of 11

Filed 2/19/2025 4:06 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

Foundation. Since its original formation some thirty-five (35) years ago, the Foundation has never lapsed.

    2.2.    Both since its founding in 1989 and through today, the Foundation has been:

- A nonprofit corporation and institution "organized and … operated exclusively for charitable, scientific[,] and education purposes" (*compare* Oct. 27, 1989 Arts. of Incorporation of the Hill Country Mem. Hosp. Found. ("Hill Country Arts.") at Arts. II, IV *and* June 9, 2023 Am. and Restated Arts. of Incorporation of the Create Healthy Found. ("Found. Arts.") at Arts. II, IV, *with* I.R.C. § 2055(a)(2) *and* TEX. PROP. CODE § 163.003(4)(a));

- An organization that may receive testamentary gifts, which are deductible for federal estate tax purposes (*see* Hill Country Arts. at Art. IV; Found. Arts. at Art. IV);

- "[O]rganized and … operated exclusively as an exempt supporting organization for the benefit of" entities—originally the Hill Country Memorial Hospital and subsequently Create Healthy Management (collectively, the "Entities")—"under [I.R.C. s]ection 509(a)(3) … and its regulations as they now exist or as they may hereafter be amended" (*see* Hill Country Arts. at Art. IV; Found. Arts. at Art. IV); and

- Permitted to "receive and maintain a fund or funds of real and personal property, or both" to "use and supply the whole or any part of the income and the principal thereof exclusively for the purpose of improving the services of the" Entities "through modernizing or expanding the facilities, equipment and services" thereof (*see* Hill Country Arts. at Art. IV; Found. Arts. at Art. IV).

    2.3.    In 2010, the Foundation's articles of incorporation were amended to allow it to also support Hill Country Memorial Hospital's related nonprofit entities.

    2.4.    Effective April 1, 2023, Hill Country Memorial Hospital and its related nonprofit entities sold to Methodist Healthcare System of San Antonio, Ltd., LLP ("Methodist Healthcare"), certain assets related to the operation of its licensed hospital and other healthcare entities. As of that date, Hill Country Memorial Hospital no longer operated a hospital, physician practice, hospice or home health agency. Hill Country Memorial Hospital filed an Amended and Restated

Case 1:25-cv-00465   Document 1-3   Filed 03/28/25   Page 4 of 11

Filed 2/19/2025 4:06 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

Certificate of Formation effective June 9, 2023, changing its name to Create Healthy Management. (June 9, 2023 Am. and Restated Arts. of Incorporation of Create Healthy Mgmt. ("Mgmt. Arts.") at Art. I). Like Hill Country Memorial Hospital prior to its sale to Methodist Healthcare, Create Healthy Management is itself a nonprofit corporation and institution "organized and … operated exclusively for charitable, scientific[,] and education purposes." (*Compare* Mgmt. Arts. II, IV, *with* I.R.C. § 2055(a)(2) *and* TEX. PROP. CODE § 163.003(4)(a)).

B.   **The Foundation's Original Petition**

2.5.   On September 30, 2024, the Foundation filed its Original Petition for Modification of Restrictions on Purpose of Institutional Funds (the "Original Petition").[1] Therein, the Foundation is seeking a declaratory judgment that it, through its Board of Directors, be provided the authority and discretion to modify any restriction that limits the use of gifts or bequests to benefit Hill Country Memorial Hospital or any facility or service thereof to permit the Foundation to use the gift or bequest to benefit health and wellness activities in Gillespie County and the surrounding communities while maintaining the original intent of the donor to the extent possible and practical.

2.6.   Specifically, the Foundation is seeking modification of ten (10) separate restricted donations/funds, as well as unrestricted donations made to the Foundation prior to June 6, 2023.

---

[1] To the extent necessary, the Foundation hereby requests that the Court take judicial notice of the pleadings, answers, motions, responses, replies, as well as the evidence attached thereto, that have been filed in the Lawsuit and which are contained in the Court's records because it is well recognized that a "trial court may take judicial notice of its own records in a cause involving the same subject matter between the same, or practically the same, parties," *Gardner v. Martin*, 345 S.W.2d 274, 276 (Tex. 1961), *cited in Briones v. Solomon*, 769 S.W.2d 312, 319 (Tex. App.—San Antonio 1989, writ denied). Indeed, a court may take judicial notice, whether requested or not. *In re Shell E&P, Inc.*, 179 S.W.3d 125, 130 (Tex. App.—San Antonio 2005, orig. proceeding) (citing TEX. R. EVID. 201(c)). The trial court need not even announce it is taking judicial notice. *Id.*

Case 1:25-cv-00465    Document 1-3    Filed 03/28/25    Page 5 of 11

Filed 2/19/2025 4:06 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

One of these restricted funds is the "Schwindt Fund," which is the testamentary gift provided to the Foundation through the Estate of Hannelore Schwindt (the "Schwindt Estate").

**C.     Mr. Geistweidt's Improper Live Pleading**

2.7.    It is undisputed that the Executor of the Schwindt Estate—Ray Geistweidt—is not a licensed attorney in Texas authorized to practice law in this state.



***Fig. 1*** – The only two licensed attorneys in Texas with the surname of Geistweidt. Notably, none list Fredericksburg, Texas as their primary practice location, nor is Mr. Geistweidt included in this exclusive list of licensed Texas attorneys. *See* STATE BAR OF TEXAS: FIND A LAWYER: LAST NAME: GEISTWEIDT, *available at* https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&Template=/CustomSource/MemberDirectory/Result_form_client.cfm (last visited Feb. 7, 2025).

2.8.    Nevertheless, on December 27, 2024, Mr. Geistweidt purported to represent a group of unnamed and otherwise unidentified persons referred to only as the "Medical Guardians" and filed a pleading (the "Live Petition") apparently seeking to intervene in this matter and award

Case 1:25-cv-00465   Document 1-3   Filed 03/28/25   Page 6 of 11

Filed 2/19/2025 4:06 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

the Schwindt Fund to the residuary heirs of Ms. Schwindt—namely The Chronicles, a successor to the Rockford Institute; and Hillsdale College. (Live Pet. at 1–2, 6–7).



***Fig. 2*** – Mr. Geisweidt's signature in his purported live pleading. (Live Pet. at 7).

2.9. Although Mr. Geistweidt fails to identify any specific party or entity in his Live Petition, he nevertheless improperly captions it as "In Re: Create Healthy ***Management***." (*Id*. at 1 (emphasis added)). But Create Healthy Management is not a party to this matter and Mr. Geistweidt certainly does not represent it. (*See* Orig. Pet. at 1). From the face of the Live Petition, the Foundation cannot ascertain whether Mr. Geistweidt's error is one of misidentification or misnomer. *See Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 594 (Tex. 2017); Tex. R. Civ. P. 71, 79. Regardless, for this additional reason, Mr. Geistweidt's Live Petition is improper. *See ibid*.

Case 1:25-cv-00465    Document 1-3    Filed 03/28/25    Page 7 of 11

Filed 2/19/2025 4:06 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

### III.   ARGUMENT AND AUTHORITIES

3.1.   Texas Rule of Civil Procedure 41 provides that "'[a]ny claim against a party may be severed and proceeded with separately.'" *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007) (quoting TEX. R. CIV. P. 41). Courts "will not reverse a trial court's order severing a claim unless the trial court abused its discretion." *Duenez*, 237 S.W.3d at 693. Trial courts "may grant a severance to avoid prejudice, do justice, and increase convenience." *Sealy Emer. Room, LLC v. Free Standing Emer. Room Managers of Am., LLC*, 685 S.W.3d 816, 822 (Tex. 2024). To this end, severance is proper when:

- The controversy involves more than one cause of action;
- The severed claim is one that would be the proper subject of an independently[-]asserted lawsuit;
- The severed claim is not so interwoven with the remaining action that the actions involve the same facts and issues.

*Id.*

3.2.   Here, Mr. Geistweidt has attempted to lodge certain as-yet undefined claims against the Foundation and/or Create Healthy Management in the Lawsuit relating to the Schwindt Fund and the Schwindt Estate. (*Compare* Live Pet. at 6–7, *with Sealy*, 685 S.W.3d at 822). If severed into a separate action, the claims Mr. Geistweidt attempts to be lodge against the Foundation and/or Create Healthy Management in the Lawsuit would be the proper subject of an independently-asserted lawsuit. (*Compare* Live Pet. at 6–7, *with Sealy*, 685 S.W.3d at 822). Finally, the legal claims that Mr. Geistweidt attempts to lodge against the Foundation and/or Create Healthy Management in the Lawsuit do not involve the same legal issues as the unrestricted funds subject to the other nine (9) restricted donations that are uncontested. (*Compare* Live Pet. at 6–7, *with Sealy*, 685 S.W.3d at 822).

Case 1:25-cv-00465   Document 1-3   Filed 03/28/25   Page 8 of 11

Filed 2/19/2025 4:06 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

3.3. Ultimately, severance of the claims attempted to be brought by Mr. Geistweidt will allow the Foundation to proceed and finalize the unrestricted funds and the nine (9) other restricted donations that are uncontested while allowing as much time as may be needed to address any issues regarding the Schwindt Fund and Schwindt Estate subject to the Lawsuit. Accordingly, granting the Motion will do justice, preserve judicial economy, avoid prejudice regarding the other unrestricted funds and the nine (9) uncontested donations, and further the convenience both of the parties and the Court. *See Sealy*, 685 S.W.3d at 822.

3.4. Accordingly, because the Schwindt Fund is the only donation/fund that is presently being contested, the Foundation hereby respectfully requests that any claims, defenses, counterclaims, and/or requests for relief relating to the Schwindt Fund be severed from the present Lawsuit.

## IV.    CONCLUSION AND PRAYER

4.1. For all the foregoing reasons and good cause shown herein, the Foundation respectfully requests that the Court:

(1)   Grant the Motion;

(2)   Sever any claims Mr. Geistweidt attempts to lodge against either the Foundation or any other party in the Lawsuit regarding the Schwindt Fund and/or the Schwindt Estate; and

(3)   Award the Foundation all other and such further relief to which it may be entitled either at law or in equity.

Case 1:25-cv-00465     Document 1-3     Filed 03/28/25     Page 9 of 11

Filed 2/19/2025 4:06 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

February 19, 2025            Respectfully submitted,

**LANGLEY & BANACK, INC.**

By:     */s/ N. Taylor Williams*
N. Taylor Williams
Texas Bar No. 24056536
twilliams@langleybanack.com
Ryan W. Finnegan
Texas Bar No. 24119322
rfinnegan@langleybanack.com

206 W. Main St.
Fredericksburg, Texas 78624
Telephone:     (830) 990-0557
Facsimile:      (830) 990-0559

Dylan O. Drummond
Texas Bar No. 24040830
ddrummond@langleybanack.com

745 E. Mulberry Ave., Ste. 700
San Antonio, Texas 78212
Telephone:     (210) 736-6600
Facsimile:      (210) 735-6889

**ATTORNEYS FOR PETITIONER
CREATE HEALTHY FOUNDATION**

Case 1:25-cv-00465   Document 1-3   Filed 03/28/25   Page 10 of 11

Filed 2/19/2025 4:06 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

## CERTIFICATE OF SERVICE

Pursuant to Texas Rule of Civil Procedure 21a, I hereby certify I electronically filed with the Court and electronically served through the electronic-filing manager to all counsel of record a true and correct copy of the foregoing document on this, February 19, 2025.

| | |
|---|---|
| **KEVIN A. REED** <br> kreed@reedclaymon.com <br> **JENNIFER B. CLAYMON** <br> jclaymon@reedclaymon.com <br> Tel:  512.660.5960 <br> Fax:  512.660.5979 <br><br> **ATTORNEYS FOR PETITIONER** | **GABRIELLA M. GONZALEZ** <br> **ASSISTANT ATTORNEY GENERAL** <br> **VIA CM/RRR TO:** <br> **Office of the Attorney General** <br> **Consumer Protection Division** <br> **112 E. Pecan St., Suite 735** <br> **San Antonio, Texas 78205-1512** <br> Via Email: gabriella.gonzalez@oag.texas.gov <br> Tel:  210.270.1110 |
| **RAY C. GEISTWEIDT** <br> office@gfcocpa.com <br> Tel:  325.347.2655 <br><br> **PRO SE LITIGANT** | **DENISE DIAZ** <br> **VIA CM/RRR TO:** <br> **Office of the Attorney General** <br> **Charitable Trusts Section** <br> **Consumer Protection Division** <br> **P.O. Box 12548** <br> **Austin, Texas 78711-2548** <br> Via Email: denise.diaz@oag.texas.gov <br> Tel:  512.475.4168 |

      /s/ *N. Taylor Williams*
N. Taylor Williams
Ryan W. Finnegan
Dylan O. Drummond

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lisa Lang on behalf of Norman Williams
Bar No. 24056536
llang@langleybanack.com
Envelope ID: 97566002
Filing Code Description: Motion (No Fee)
Filing Description: Create Healthy Foundation's Motion to Sever
Status as of 2/19/2025 4:22 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Lisa Lang | | llang@langleybanack.com | 2/19/2025 4:06:33 PM | SENT |
| Norman TaylorWilliams | | twilliams@langleybanack.com | 2/19/2025 4:06:33 PM | SENT |
| Ryan Finnegan | | rfinnegan@langleybanack.com | 2/19/2025 4:06:33 PM | SENT |
| Kevin Reed | | kreed@reedclaymon.com | 2/19/2025 4:06:33 PM | SENT |
| Jennifer B.Claymon | | jclaymon@reedclaymon.com | 2/19/2025 4:06:33 PM | SENT |
| Denise Diaz | | denise.diaz@oag.texas.gov | 2/19/2025 4:06:33 PM | SENT |
| Ray Geistweidt | | office@gfcocpa.com | 2/19/2025 4:06:33 PM | SENT |
| Dylan O.Drummond | | ddrummond@langleybanack.com | 2/19/2025 4:06:33 PM | SENT |

Associated Case Party: Attorney General on Behalf of the Public Interest in Charity

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Gabriella M. Gonzalez | | gabriella.gonzalez@oag.texas.gov | 2/19/2025 4:06:33 PM | SENT |