# EXHIBIT D

Filed 2/19/2025 4:11 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

CAUSE NO. 24-17982

| | | |
|---|---|---|
| IN RE: | § § § § § | IN THE DISTRICT COURT OF |
| | | GILLESPIE COUNTY, TEXAS |
| CREATE HEALTHY FOUNDATION | | |
| | | 216TH JUDICIAL DISTRICT |

## CREATE HEALTHY FOUNDATION'S SPECIAL EXCEPTIONS, ORIGINAL ANSWER, AND AFFIRMATIVE DEFENSES TO RAY GEISTWEIDT'S PURPORTED PLEADING

Pursuant to Texas Rules of Civil Procedure 45, 47, 91–92, and 94, Petitioner Create Healthy Foundation (the "Foundation") hereby files these Special Exceptions, Original Answer, and Affirmative Defenses to Plaintiff Ray Geistweidt's Purported Pleading in the above-captioned and -numbered lawsuit, and, in support thereof, respectfully shows the Court the following:

### I.  INTRODUCTION

1.1. For the following reasons and good cause shown herein, the Foundation respectfully requests that the Court:

(1) Sustain the Foundation's Special Exceptions;

(2) Order Mr. Geistweidt to replead within ten (10) days of the date of the hearing on the Foundation's Special Exceptions;

(3) Should he fail to timely and adequately replead—dismiss with prejudice Mr. Geistweidt's causes of action in the Lawsuit, order he take nothing by this Lawsuit, and award the Foundation its costs of

CREATE HEALTHY FOUNDATION'S SPECIAL EXCEPTIONS,
ORIGINAL ANSWER, AND AFFIRMATIVE DEFENSES
TO RAY GEISTWEIDT'S PURPORTED PLEADING

PAGE 1 OF 11

4911-3277-5190

Case 1:25-cv-00465   Document 1-4   Filed 03/28/25   Page 3 of 13

Filed 2/19/2025 4:11 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

    court and reasonable and necessary attorney fees incurred in defense of the Lawsuit; and

(4) Award the Foundation all other and such further relief to which it may be entitled either at law or in equity.

## II. FACTUAL BACKGROUND

### A. The Foundation's Formation, Purpose, and Authority

2.1. The Hill Country Memorial Hospital Foundation was formed as a nonprofit corporation on October 27, 1989. It was later amended and restated on June 9, 2023 as the Foundation. Since its original formation some thirty-five (35) years ago, the Foundation has never lapsed.

2.2. Both since its founding in 1989 and through today, the Foundation has been:

- A nonprofit corporation and institution "organized and … operated exclusively for charitable, scientific[,] and education purposes" (*compare* Oct. 27, 1989 Arts. of Incorporation of the Hill Country Mem. Hosp. Found. ("Hill Country Arts.") at Arts. II, IV *and* June 9, 2023 Am. and Restated Arts. of Incorporation of the Create Healthy Found. ("Found. Arts.") at Arts. II, IV, *with* I.R.C. § 2055(a)(2) *and* TEX. PROP. CODE § 163.003(4)(a));

- An organization that may receive testamentary gifts, which are deductible for federal estate tax purposes (*see* Hill Country Arts. at Art. IV; Found. Arts. at Art. IV);

- "[O]rganized and … operated exclusively as an exempt supporting organization for the benefit of" entities—originally the Hill Country Memorial Hospital and subsequently Create Healthy Management (collectively, the "Entities")—"under [I.R.C. s]ection 509(a)(3) … and its regulations as they now exist or as they may hereafter be amended" (*see* Hill Country Arts. at Art. IV; Found. Arts. at Art. IV); and

- Permitted to "receive and maintain a fund or funds of real and personal property, or both" to "use and supply the whole or any part of the income and the principal thereof exclusively for the purpose of improving the services of the" Entities "through modernizing or expanding the facilities, equipment and services" thereof (*see* Hill Country Arts. at Art. IV; Found. Arts. at Art. IV).

Case 1:25-cv-00465   Document 1-4   Filed 03/28/25   Page 4 of 13

Filed 2/19/2025 4:11 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

2.3. In 2010, the Foundation's articles of incorporation were amended to allow it to also support Hill Country Memorial Hospital's related nonprofit entities.

2.4. Effective April 1, 2023, Hill Country Memorial Hospital and its related nonprofit entities sold to Methodist Healthcare System of San Antonio, Ltd., LLP ("Methodist Healthcare"), certain assets related to the operation of its licensed hospital and other healthcare entities. As of that date, Hill Country Memorial Hospital no longer operated a hospital, physician practice, hospice or home health agency. Hill Country Memorial Hospital filed an Amended and Restated Certificate of Formation effective June 9, 2023, changing its name to Create Healthy Management. (June 9, 2023 Am. and Restated Arts. of Incorporation of Create Healthy Mgmt. ("Mgmt. Arts.") at Art. I). Like Hill Country Memorial Hospital prior to its sale to Methodist Healthcare, Create Healthy Management is itself a nonprofit corporation and institution "organized and … operated exclusively for charitable, scientific[,] and education purposes." (*Compare* Mgmt. Arts. II, IV, *with* I.R.C. § 2055(a)(2) *and* TEX. PROP. CODE § 163.003(4)(a)).

### B. The Foundation's Original Petition

2.5. On September 30, 2024, the Foundation filed its Original Petition for Modification of Restrictions on Purpose of Institutional Funds (the "Original Petition").[1] Therein, the Foundation is seeking a declaratory judgment that it, through its Board of Directors, be provided the authority and discretion to modify any restriction that limits the use of gifts or bequests to benefit Hill Country Memorial Hospital or any facility or service thereof to permit the Foundation

---

[1] To the extent necessary, the Foundation hereby requests that the Court take judicial notice of the pleadings, answers, motions, responses, replies, as well as the evidence attached thereto, that have been filed in the Lawsuit and which are contained in the Court's records because it is well recognized that a "trial court may take judicial notice of its own records in a cause involving the same subject matter between the same, or practically the same, parties," *Gardner v. Martin*, 345 S.W.2d 274, 276 (Tex. 1961), *cited in Briones v. Solomon*, 769 S.W.2d 312, 319 (Tex. App.—San Antonio 1989, writ denied). Indeed, a court may take judicial notice, whether requested or not. *In re Shell E&P, Inc.*, 179 S.W.3d 125, 130 (Tex. App.—San Antonio 2005, orig. proceeding) (citing TEX. R. EVID. 201(c)). The trial court need not even announce it is taking judicial notice. *Id.*

CREATE HEALTHY FOUNDATION'S SPECIAL EXCEPTIONS,
ORIGINAL ANSWER, AND AFFIRMATIVE DEFENSES
TO RAY GEISTWEIDT'S PURPORTED PLEADING

PAGE 3 OF 11

4911-3277-5190

Case 1:25-cv-00465    Document 1-4    Filed 03/28/25    Page 5 of 13

Filed 2/19/2025 4:11 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

to use the gift or bequest to benefit health and wellness activities in Gillespie County and the surrounding communities while maintaining the original intent of the donor to the extent possible and practical.

2.6. Specifically, the Foundation is seeking modification of ten (10) separate restricted donations/funds, as well as unrestricted donations/funds made to the Foundation prior to June 6, 2023. One of these restricted funds is the "Schwindt Fund," which is the testamentary gift provided to the Foundation through the Estate of Hannelore Schwindt (the "Schwindt Estate").

C.     Mr. Geistweidt's Improper Live Pleading

2.7. It is undisputed that the Executor of the Schwindt Estate—Ray Geistweidt—is not a licensed attorney in Texas authorized to practice law in this state.



*Fig. 1* – The only two licensed attorneys in Texas with the surname of Geistweidt. Notably, none list Fredericksburg, Texas as their primary practice location, nor is Mr. Geistweidt included in this exclusive list of licensed Texas attorneys. *See* STATE BAR OF TEXAS: FIND A LAWYER: LAST NAME: GEISTWEIDT, *available at*

CREATE HEALTHY FOUNDATION'S SPECIAL EXCEPTIONS,
ORIGINAL ANSWER, AND AFFIRMATIVE DEFENSES
TO RAY GEISTWEIDT'S PURPORTED PLEADING

PAGE 4 OF 11

4911-3277-5190

Filed 2/19/2025 4:11 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&Template=/CustomSource/MemberDirectory/Result_form_client.cfm (last visited Feb. 7, 2025).

2.8.    Nevertheless, on December 27, 2024, Mr. Geistweidt purported to represent a group of unnamed and otherwise unidentified persons referred to only as the "Medical Guardians" and filed an untitled pleading (the "Live Pleading") apparently seeking to intervene in this matter and award the Schwindt Fund to the residuary heirs of Ms. Schwindt (the "Lawsuit")—namely The Chronicles, a successor to the Rockford Institute; and Hillsdale College. (Live Plead. at 1–2, 6–7).



**_Fig. 2_** – Mr. Geisweidt's signature in his purported live pleading. (Live Plead. at 7).

2.9.    Although Mr. Geistweidt fails to identify any specific party or entity in his Live Pleading, he nevertheless improperly captions it as "In Re: Create Healthy **_Management_**." (*Id*. at 1 (emphasis added)). But Create Healthy Management is not a party to this matter and Mr. Geistweidt certainly does not represent it. (*See* Orig. Pet. at 1). From the face of the Live

---

Case 1:25-cv-00465   Document 1-4   Filed 03/28/25   Page 7 of 13

Filed 2/19/2025 4:11 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

Pleading, the Foundation cannot ascertain whether Mr. Geistweidt's error is one of misidentification or misnomer. (*Compare* Live Plead. at 1, *with Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 594 (Tex. 2017) *and* TEX. R. CIV. P. 71, 79). Regardless, for this additional reason, Mr. Geistweidt's Live Pleading is improper. (*Compare* Live Plead. at 1, *with Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 594 (Tex. 2017) *and* TEX. R. CIV. P. 71, 79).

### III.    SPECIAL EXCEPTIONS

3.1.    Concurrent with the Foundation's Original Answer filed herewith,[2] these special exceptions are filed pursuant to Rules 45, 47, and 91. Specifically, the Foundation specially excepts to Ray Geistweidt's Live Pleading in the following respects:

3.2.    Nowhere in the Live Pleading does Mr. Geistweidt state a claim for relief, cause of action, counterclaim, or defense asserted directly against the Foundation. (Live Plead. at 1–7). Mr. Geisweidt fails to even identify the actual purported intervenors, instead impermissibly referring to unnamed and otherwise unidentified persons referred to only as the "Medical Guardians." (*Id.* at 2). Notably, Mr. Geistweidt judicially admits that he does not represent the Schwindt Estate. (*Compare id.* at 2, *with Lake Jackson Med. Spa, Ltd. v. Gaytan*, 640 S.W.3d 830, 839 (Tex. 2022) (judicial admission is a "clear, deliberate, and unequivocal factual allegation made in a live pleading and not pleaded in the alternative constitutes a judicial admission that conclusively establishes the fact and bars the pleader from disputing it")).

---

[2] To the extent necessary, Create Healthy hereby requests that the Court take judicial notice of the pleadings, answers, motions, responses, replies, as well as the evidence attached thereto, that have been filed in the Lawsuit and which are contained in the Court's records because it is well recognized that a "trial court may take judicial notice of its own records in a cause involving the same subject matter between the same, or practically the same, parties," *Gardner v. Martin*, 345 S.W.2d 274, 276 (Tex. 1961), *cited in Briones v. Solomon*, 769 S.W.2d 312, 319 (Tex. App.—San Antonio 1989, writ denied). Indeed, a court may take judicial notice, whether requested or not. *In re Shell E&P, Inc.*, 179 S.W.3d 125, 130 (Tex. App.—San Antonio 2005, orig. proceeding) (citing TEX. R. EVID. 201(c)). The trial court need not even announce it is taking judicial notice. *Id.*

Case 1:25-cv-00465   Document 1-4   Filed 03/28/25   Page 8 of 13

Filed 2/19/2025 4:11 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

3.3. It remains entirely unclear who Mr. Geistweidt is actually representing, whether he is asserting claims of relief in his individual capacity or as a representative only, and whether he has the authority to act as legal counsel for the unnamed and otherwise unidentified persons he purports to represent in his filing. (*Id.* at 1–2, 6–7).

3.4. To this end, the Foundation cannot ascertain from the Live Pleading whether Mr. Geistweidt has misidentified or misnamed either the Foundation or Create Healthy Management. (*Compare* Live Plead. at 1, *with Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 594 (Tex. 2017) *and* TEX. R. CIV. P. 71, 79). Indeed, the Foundation cannot ascertain form the Live Pleading if Mr. Geistweidt is attempting to lodge claims against the Foundation or Create Healthy Management. (*See id.* at 1).

3.5. At page 6 of the Live Pleading under a heading improperly labeled as "Facts," Mr. Geistweidt asserts that an undefined entity referred to only as "HCA" has a "history of fraudulent billings and collections from the U.S. and local governments, suppressing information to the community, large price increases for services retained, and forcing existing physicians, rank and file hospital staff, other local hospital related personnel into pay cuts, and forc[ing] providers and staffers to use older, cheaper drugs for treatment." (*Id.* at 6). But nowhere in the Live Pleading does Mr. Geisweidt allege any actual factual basis to support these claims. (*Id.* at 1–7). Nor does Mr. Geistweidt identify any basis for his claim that the Foundation is responsible for HCA's alleged acts.

3.6. Also on page 6 of the Live Pleading under a heading labeled as "Request," Mr. Geistweidt requests that the Court award the Schwindt Fund to the residuary heirs of Ms. Schwindt—The Chronicles and Hillsdale College—but he fails to state under what cause of action he seeks such relief, nor what legal authority would permit such an award. (*Id.* at 6).

CREATE HEALTHY FOUNDATION'S SPECIAL EXCEPTIONS,
ORIGINAL ANSWER, AND AFFIRMATIVE DEFENSES
TO RAY GEISTWEIDT'S PURPORTED PLEADING

PAGE 7 OF 11

4911-3277-5190

Case 1:25-cv-00465   Document 1-4   Filed 03/28/25   Page 9 of 13

Filed 2/19/2025 4:11 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

3.7. Consequently, Mr. Geistweidt has failed to comply with the minimum notice requirements of Rules 45 and 47. The Foundation has not been reasonably apprised of nor provided the requisite notice of the nature and extent of the alleged parties and claims for relief subject to the Live Pleading, including or what damages are sought. Because the Foundation cannot prepare a proper response nor ascertain either the identity of the putative intervenors or any cognizable cause of action asserted against it, the Foundation hereby specially excepts to the to the conclusory and vague Live Pleading and respectfully requests that Mr. Geistweidt be required to state who he is purporting to represent, of anyone, the claims of each of these persons, and the amount of damages or requests for relief being claimed by each party as the Texas Rules of Civil Procedure expressly require. The Foundation also moves that any claim or allegation be struck if not amended as ordered by this Court upon sustaining of this special exception.

## IV.   GENERAL DENIAL

4.1. Pursuant to Rule 92, the Foundation enters their general denial and denies each and every allegation contained in Mr. Geistweidt's Pleading, and demands strict proof of Mr. Geistweidt's allegations.

## V.   SPECIFIC DENIALS AND AFFIRMATIVE DEFENSES

5.1. Pursuant to Rule 94, the Foundation further specifically and affirmatively pleads in defense of Mr. Geistweidt's purported claims as follows.

5.2. Mr. Geistweidt is engaged in the unauthorized practice of law and is therefore legally barred from advancing any claims on behalf of the Estate of Hannelore Schmidt, the so-called "Medical Guardians," residents of the Hill Country/City of Fredericksburg, or any other individual or entity he improperly purports to represent.

Case 1:25-cv-00465   Document 1-4   Filed 03/28/25   Page 10 of 13

Filed 2/19/2025 4:11 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

5.3. Mr. Geistweidt does not have standing to pursue any claims against the Foundation as he has suffered no injury and incurred no damages.

## VI. CONCLUSION AND PRAYER

6.1. For all the foregoing reasons and good cause shown herein, the Foundation respectfully requests that the Court:

(1) Sustain the Foundation's Special Exceptions;

(2) Order Mr. Geistweidt to replead within ten (10) days of the date of the hearing on the Foundation's Special Exceptions;

(3) Should he fail to timely and adequately replead—dismiss with prejudice Mr. Geistweidt's causes of action in the Lawsuit, order he take nothing by this Lawsuit, and award the Foundation its costs of court and reasonable and necessary attorney fees incurred in defense of the Lawsuit; and

(4) Award the Foundation all other and such further relief to which it may be entitled either at law or in equity.

Case 1:25-cv-00465   Document 1-4   Filed 03/28/25   Page 11 of 13

Filed 2/19/2025 4:11 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

February 19, 2025  Respectfully submitted,

**LANGLEY & BANACK, INC.**

By:     */s/ N. Taylor Williams*
        N. Taylor Williams
        Texas Bar No. 24056536
        twilliams@langleybanack.com
        Ryan W. Finnegan
        Texas Bar No. 24119322
        rfinnegan@langleybanack.com

206 W. Main St.
Fredericksburg, Texas 78624
Telephone:    (830) 990-0557
Facsimile:     (830) 990-0559

        Dylan O. Drummond
        Texas Bar No. 24040830
        ddrummond@langleybanack.com

745 E. Mulberry Ave., Ste. 700
San Antonio, Texas 78212
Telephone:    (210) 736-6600
Facsimile:     (210) 735-6889

**ATTORNEYS FOR PETITIONER**
**CREATE HEALTHY FOUNDATION**

CREATE HEALTHY FOUNDATION'S SPECIAL EXCEPTIONS,     PAGE 10 OF 11
ORIGINAL ANSWER, AND AFFIRMATIVE DEFENSES
TO RAY GEISTWEIDT'S PURPORTED PLEADING     4911-3277-5190

Case 1:25-cv-00465   Document 1-4   Filed 03/28/25   Page 12 of 13

Filed 2/19/2025 4:11 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

## CERTIFICATE OF SERVICE

Pursuant to Texas Rule of Civil Procedure 21a, I hereby certify I electronically filed with the Court and electronically served through the electronic-filing manager to all counsel of record a true and correct copy of the foregoing document on this, February 19, 2025.

| | |
|---|---|
| **KEVIN A. REED**<br>kreed@reedclaymon.com<br>**JENNIFER B. CLAYMON**<br>jclaymon@reedclaymon.com<br>Tel: 512.660.5960<br>Fax: 512.660.5979<br><br>**ATTORNEYS FOR PETITIONER** | **GABRIELLA M. GONZALEZ**<br>**ASSISTANT ATTORNEY GENERAL**<br>**VIA CM/RRR TO:**<br>**Office of the Attorney General**<br>**Consumer Protection Division**<br>**112 E. Pecan St., Suite 735**<br>**San Antonio, Texas 78205-1512**<br>Via Email: gabriella.gonzalez@oag.texas.gov<br>Tel: 210.270.1110 |
| **RAY C. GEISTWEIDT**<br>office@gfcocpa.com<br>Tel: 325.347.2655<br><br>**PRO SE LITIGANT** | **DENISE DIAZ**<br>**VIA CM/RRR TO:**<br>**Office of the Attorney General**<br>**Charitable Trusts Section**<br>**Consumer Protection Division**<br>**P.O. Box 12548**<br>**Austin, Texas 78711-2548**<br>Via Email: denise.diaz@oag.texas.gov<br>Tel: 512.475.4168 |

                                    /s/ *N. Taylor Williams*
                                    N. Taylor Williams
                                    Ryan W. Finnegan
                                    Dylan O. Drummond

**CREATE HEALTHY FOUNDATION'S SPECIAL EXCEPTIONS,**        **PAGE 11 OF 11**
**ORIGINAL ANSWER, AND AFFIRMATIVE DEFENSES**
**TO RAY GEISTWEIDT'S PURPORTED PLEADING**                     4911-3277-5190

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lisa Lang on behalf of Norman Williams
Bar No. 24056536
llang@langleybanack.com
Envelope ID: 97566559
Filing Code Description: Answer/Response
Filing Description: Create Healthy Foundation's Special Exceptions, Original Answer, and Affirmative Defenses to Ray Geistweidt's Purported Pleading
Status as of 2/19/2025 4:22 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Lisa Lang | | llang@langleybanack.com | 2/19/2025 4:11:57 PM | SENT |
| Norman TaylorWilliams | | twilliams@langleybanack.com | 2/19/2025 4:11:57 PM | SENT |
| Ryan Finnegan | | rfinnegan@langleybanack.com | 2/19/2025 4:11:57 PM | SENT |
| Kevin Reed | | kreed@reedclaymon.com | 2/19/2025 4:11:57 PM | SENT |
| Jennifer B.Claymon | | jclaymon@reedclaymon.com | 2/19/2025 4:11:57 PM | SENT |

Associated Case Party: Attorney General on Behalf of the Public Interest in Charity

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Gabriella M. Gonzalez | | gabriella.gonzalez@oag.texas.gov | 2/19/2025 4:11:57 PM | SENT |
| Denise Diaz | | denise.diaz@oag.texas.gov | 2/19/2025 4:11:57 PM | SENT |

Associated Case Party: Create Healthy Foundation

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Dylan O.Drummond | | ddrummond@langleybanack.com | 2/19/2025 4:11:57 PM | SENT |

Associated Case Party: RayC.Geistweidt

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ray Geistweidt | | office@gfcocpa.com | 2/19/2025 4:11:57 PM | SENT |