# EXHIBIT E

Case 1:25-cv-00465   Document 1-5   Filed 03/28/25   Page 2 of 20

Filed 2/19/2025 4:16 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

CAUSE NO. 24-17982

| | | |
|---|---|---|
| IN RE: | § § § § § | IN THE DISTRICT COURT OF |
| | | GILLESPIE COUNTY, TEXAS |
| CREATE HEALTHY FOUNDATION | | |
| | | 216TH JUDICIAL DISTRICT |

## CREATE HEALTHY FOUNDATION'S PLEA TO THE JURISDICTION, MOTION TO DISMISS, AND MOTION TO STRIKE

Pursuant to Texas Rules of Civil Procedure 7, 21c, 85, and 91a, Petitioner Create Healthy Foundation (the "Foundation") hereby files this Plea to the Jurisdiction, Texas Rule of Civil Procedure 91a Motion to Dismiss, and Motion to Strike in the above-captioned and -numbered lawsuit and, in support thereof, respectfully shows the Court the following:

### I.     REASONS TO GRANT THE MOTIONS

1.1.    Because Mr. Geistweidt has improperly engaged in the unauthorized practice of law and otherwise lacks standing to prosecute any claims he attempts to lodge in his December 27, 2024 petition purportedly seeking to intervene (the "Live Pleading") in the Foundation's Original Petition for Modification of Restrictions on Purpose of Institutional Funds (the "Orig. Petition"), and for the following reasons and good cause shown herein, the Foundation respectfully requests that the Court:

(1)     Grant the Plea to the Jurisdiction;

(2)     Grant the Motion to Dismiss;

(3)     Dismiss Mr. Geistweidt's Lawsuit with prejudice;

(4)     Grant the Motion to Strike;

(5)     Strike Mr. Geistweidt's Live Pleading; and

Case 1:25-cv-00465   Document 1-5   Filed 03/28/25   Page 3 of 20

Filed 2/19/2025 4:16 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

(6) Award the Foundation all other and such further relief to which it may be entitled either at law or in equity.

## II. FACTUAL BACKGROUND COMMON TO ALL MOTIONS

### A. The Foundation's Formation, Purpose, and Authority

2.1. The Hill Country Memorial Hospital Foundation was formed as a nonprofit corporation on October 27, 1989. It was later amended and restated on June 9, 2023 as the Foundation. Since its original formation some thirty-five (35) years ago, the Foundation has never lapsed.

2.2. Both since its founding in 1989 and through today, the Foundation has been:

- A nonprofit corporation and institution "organized and … operated exclusively for charitable, scientific[,] and education purposes" (*compare* Oct. 27, 1989 Arts. of Incorporation of the Hill Country Mem. Hosp. Found. ("Hill Country Arts.") at Arts. II, IV *and* June 9, 2023 Am. and Restated Arts. of Incorporation of the Create Healthy Found. ("Found. Arts.") at Arts. II, IV, *with* I.R.C. § 2055(a)(2) *and* TEX. PROP. CODE § 163.003(4)(a));

- An organization that may receive testamentary gifts, which are deductible for federal estate tax purposes (*see* Hill Country Arts. at Art. IV; Found. Arts. at Art. IV);

- "[O]rganized and … operated exclusively as an exempt supporting organization for the benefit of" entities—originally the Hill Country Memorial Hospital and subsequently Create Healthy Management (collectively, the "Entities")—"under [I.R.C. s]ection 509(a)(3) … and its regulations as they now exist or as they may hereafter be amended" (*see* Hill Country Arts. at Art. IV; Found. Arts. at Art. IV); and

- Permitted to "receive and maintain a fund or funds of real and personal property, or both" to "use and supply the whole or any part of the income and the principal thereof exclusively for the purpose of improving the services of the" Entities "through modernizing or expanding the facilities, equipment and services" thereof (*see* Hill Country Arts. at Art. IV; Found. Arts. at Art. IV).

Case 1:25-cv-00465   Document 1-5   Filed 03/28/25   Page 4 of 20

Filed 2/19/2025 4:16 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

2.3. In 2010, the Foundation's articles of incorporation were amended to allow it to also support Hill Country Memorial Hospital's related nonprofit entities.

2.4. Effective April 1, 2023, Hill Country Memorial Hospital and its related nonprofit entities sold to Methodist Healthcare System of San Antonio, Ltd., LLP ("Methodist Healthcare"), certain assets related to the operation of its licensed hospital and other healthcare entities. As of that date, Hill Country Memorial Hospital no longer operated a hospital, physician practice, hospice or home health agency. Hill Country Memorial Hospital filed an Amended and Restated Certificate of Formation effective June 9, 2023, changing its name to Create Healthy Management. (June 9, 2023 Am. and Restated Arts. of Incorporation of Create Healthy Mgmt. ("Mgmt. Arts.") at Art. I). Like Hill Country Memorial Hospital prior to its sale to Methodist Healthcare, Create Healthy Management is itself a nonprofit corporation and institution "organized and … operated exclusively for charitable, scientific[,] and education purposes." (*Compare* Mgmt. Arts. II, IV, *with* I.R.C. § 2055(a)(2) *and* TEX. PROP. CODE § 163.003(4)(a)).

**B.  The Foundation's Original Petition**

2.5. On September 30, 2024, the Foundation filed its Original Petition.[1] Therein, the Foundation is seeking a declaratory judgment that it, through its Board of Directors, be provided the authority and discretion to modify any restriction that limits the use of gifts or bequests to benefit Hill Country Memorial Hospital or any facility or service thereof to permit the Foundation

---

[1] To the extent necessary, the Foundation hereby requests that the Court take judicial notice of the pleadings, answers, motions, responses, replies, as well as the evidence attached thereto, that have been filed in the Lawsuit and which are contained in the Court's records because it is well recognized that a "trial court may take judicial notice of its own records in a cause involving the same subject matter between the same, or practically the same, parties," *Gardner v. Martin*, 345 S.W.2d 274, 276 (Tex. 1961), *cited in Briones v. Solomon*, 769 S.W.2d 312, 319 (Tex. App.—San Antonio 1989, writ denied). Indeed, a court may take judicial notice, whether requested or not. *In re Shell E&P, Inc*., 179 S.W.3d 125, 130 (Tex. App.—San Antonio 2005, orig. proceeding) (citing TEX. R. EVID. 201(c)). The trial court need not even announce it is taking judicial notice. *Id*.

Case 1:25-cv-00465    Document 1-5    Filed 03/28/25    Page 5 of 20

Filed 2/19/2025 4:16 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

to use the gift or bequest to benefit health and wellness activities in Gillespie County and the surrounding communities while maintaining the original intent of the donor to the extent possible and practical.

2.6. Specifically, the Foundation is seeking modification of ten (10) separate restricted donations/funds, as well as unrestricted donations/funds made to the Foundation prior to June 6, 2023. One of these restricted funds is the "Schwindt Fund," which is the testamentary gift provided to the Foundation through the Estate of Hannelore Schwindt (the "Schwindt Estate").

### C.     Mr. Geistweidt's Improper Live Pleading

2.7. It is undisputed that the Executor of the Schwindt Estate—Ray Geistweidt—is not a licensed attorney in Texas authorized to practice law in this state.

*— Remainder of Page Intentionally Left Blank —*

Case 1:25-cv-00465  Document 1-5  Filed 03/28/25  Page 6 of 20

Filed 2/19/2025 4:16 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart



*Fig. 1* – The only two licensed attorneys in Texas with the surname of Geistweidt. Notably, none list Fredericksburg, Texas as their primary practice location, nor is Mr. Geistweidt included in this exclusive list of licensed Texas attorneys. *See* STATE BAR OF TEXAS: FIND A LAWYER: LAST NAME: GEISTWEIDT, *available at* https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&Template=/CustomSource/MemberDirectory/Result_form_client.cfm (last visited Feb. 7, 2025).

2.8. Nevertheless, on December 27, 2024, Mr. Geistweidt purported to represent a group of unnamed and otherwise unidentified persons referred to only as the "Medical Guardians" and filed his Live Pleading apparently seeking to intervene in this matter and award the Schwindt Fund to the residuary heirs of Ms. Schwindt (the "Lawsuit")—namely The Chronicles, a successor to the Rockford Institute; and Hillsdale College. (Live Plead. at 1–2, 6–7).

Case 1:25-cv-00465   Document 1-5   Filed 03/28/25   Page 7 of 20

Filed 2/19/2025 4:16 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart



*Fig. 2* – Mr. Geistweidt's signature in his Live Pleading. (Live Plead. at 7).

2.9. Although Mr. Geistweidt fails to identify any specific party or entity in his Live Pleading, he nevertheless improperly captions it as "In Re: Create Healthy *Management*." (*Id*. at 1 (emphasis added)). But Create Healthy Management is not a party to this matter and Mr. Geistweidt certainly does not represent it. (*See* Orig. Pet. at 1). From the face of the Live Pleading, the Foundation cannot ascertain whether Mr. Geistweidt's error is one of misidentification or misnomer. (*Compare* Live Plead. at 1, *with Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 594 (Tex. 2017) *and* TEX. R. CIV. P. 71, 79). Regardless, for this additional reason, Mr. Geistweidt's Live Pleading is improper. (*Compare* Live Plead. at 1, *with Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 594 (Tex. 2017) *and* TEX. R. CIV. P. 71, 79).

Case 1:25-cv-00465   Document 1-5   Filed 03/28/25   Page 8 of 20

Filed 2/19/2025 4:16 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

### III.   PLEA TO THE JURISDICTION

**A.   The Court Must Dismiss Mr. Geistweidt's Lawsuit With Prejudice Because He Lacks Standing to Prosecute Any Claims Against the Foundation**

3.1.   Because Mr. Geistweidt does not allege that he has been personally aggrieved or suffered a concrete, particularized, actual or imminent injury traceable to the Foundation's conduct that would be redressed by a favorable decision, he lacks standing to prosecute the claims he purports to lodge in his Lawsuit. As a result, the Court must grant the Foundation's Plea to the Jurisdiction and dismiss his Lawsuit with prejudice.

3.2.   Subject-matter jurisdiction is "***essential*** to the authority of a court to decide a case." *Tex. Med. Res., LLP v. Molina Healthcare of Tex., Inc.*, 659 S.W.3d 424, 440 n.116 (Tex. 2023) (emphasis added). As a result, it "is **never presumed** and **cannot be waived**." *Tex. Propane Gas Ass'n v. City of Hous.*, 622 S.W.3d 791, 797 n.37 (Tex. 2021) (quoting *Tex. Air Control*, 852 S.W.2d at 443–44 (emphasis added)). Indeed, courts "have an obligation to examine [their] jurisdiction any time it is in doubt." *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 774 (Tex. 2020). Consequently, any "judgment rendered without subject-matter jurisdiction ***is void***"—not merely voidable. *Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 750 (Tex. 2017) (emphasis added).

3.3.   "Standing is a component of subject[-]matter jurisdiction." *Douglas v. Delp*, 987 S.W.2d 879, 882 (Tex. 1999); *see Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993) ("[s]tanding is implicit in the concept of subject[-]matter jurisdiction"). Standing is determined based on a ***plaintiff's live pleading***. *Dohlen v. City of San Antonio*, 643 S.W.3d 387, 398–99 (Tex. 2022).

Case 1:25-cv-00465   Document 1-5   Filed 03/28/25   Page 9 of 20

Filed 2/19/2025 4:16 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

3.4. Standing requires a "concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court." *Data Foundry, Inc. v. City of Austin*, 620 S.W.3d 692, 696 (Tex. 2021). In this way, a "plaintiff has standing when it is personally aggrieved." *Id.* Indeed, standing must arise from "some interest **peculiar to the person individually**" but "**not just as a member of the public**." *Garcia v. City of Willis*, 593 S.W.3d 201, 206 (Tex. 2019). To this end, plaintiffs don't have standing to complain of injuries that don't affect them personally but instead "merely affect the rights of others." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000).

3.5. More broadly, the "constitutional requirements of standing are (1) a concrete, particularized, actual or imminent injury;[2] (2) that is traceable to the defendant's conduct;[3] and (3) that would be redressed by a favorable decision." *Tex. Med. Res., LLP v. Molina Healthcare of Tex., Inc.*, 659 S.W.3d 424, 440 (Tex. 2023). Any opinion issued in a case brought by a party without standing is impermissibly "advisory because rather than remedying an actual or imminent harm, the judgment addresses only a hypothetical injury." *Garcia*, 593 S.W.3d at 206.

3.6. Texas Rule of Civil Procedure 85 permits filing a plea to the jurisdiction in response to a plaintiff's claims. TEX. R. CIV. P. 85. A plea to the jurisdiction seeks to dismiss a case for want of jurisdiction. *City of Waco v. Kirwan*, 298 S.W.3d 618, 621 (Tex. 2009). Because it does, a plea to the jurisdiction is an "appropriate vehicle for challenging a plaintiff's ability to meet" the constitutional requirements of standing in state court. *Molina Healthcare*, 659 S.W.3d at 440.

---

[2] Because the Open Courts provision of the Texas Constitution "opens the courthouse doors only to those who have or are suffering an injury," a plaintiff must be ***personally*** injured—he must plead facts demonstrating that he, himself (rather than a third party or the public at large), suffered the injury. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 155, 155 n.80 (Tex. 2012) (citing TEX. CONST. art. I, § 13).

[3] This requirement ensures that a "court act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court." *Heckman*, 369 S.W.3d at 155.

| | |
|---|---|
| **CREATE HEALTHY FOUNDATION'S PLEA TO THE JURISDICTION, MOTION TO DISMISS, AND MOTION TO STRIKE** | **PAGE 8 OF 18** <br> 4903-7800-3478 |

Case 1:25-cv-00465 Document 1-5 Filed 03/28/25 Page 10 of 20

Filed 2/19/2025 4:16 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

Because "standing is a constitutional prerequisite to suit," courts have "**no jurisdiction** over a claim made by a plaintiff who lacks standing to assert it." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012) (emphasis added). Consequently, if a plaintiff lacks standing to assert a claim, the "court lacks jurisdiction over that claim and **must dismiss it**." *Id.* (emphasis added). Similarly, if a "plaintiff lacks standing to bring **any** of his claims, the court **must dismiss the whole action** for want of jurisdiction." *Id.* at 150–51 (emphasis added).

3.7. Here, Mr. Geistweidt has not alleged that he is personally aggrieved or has otherwise suffered any concrete, particularized, actual or imminent injury. (*Compare* Live Plead. at 6–7, *with Molina Healthcare*, 659 S.W.3d at 440, *and Data Foundry*, 620 S.W.3d at 696, *and Garcia*, 593 S.W.3d at 206). Instead, he has impermissibly plead only that certain unnamed and otherwise unidentified members of the public (the so-called "Medical Guardians") have somehow been harmed in some also unidentified fashion. (*Compare* Live Plead. at 1–2, 6–7, *with Molina Healthcare*, 659 S.W.3d at 440, *and Garcia*, 593 S.W.3d at 206, *and Heckman*, 369 S.W.3d at 155, *and Torrington*, 46 S.W.3d at 843). Indeed, Mr. Geistweidt judicially admits not only that he does not seek any relief for himself but that he purportedly represents the so-called "Medical Guardians" but ***not*** the Schwindt Estate. (*Compare* Live Plead. at 1–2, 6–7, *with Lake Jackson Med. Spa, Ltd. v. Gaytan*, 640 S.W.3d 830, 839 (Tex. 2022) (judicial admission is a "clear, deliberate, and unequivocal factual allegation made in a live pleading and not pleaded in the alternative constitutes a judicial admission that conclusively establishes the fact and bars the pleader from disputing it")).

3.8. Nor has Mr. Geistweidt identified any injury he allegedly suffered that is fairly traceable to any conduct or action of the Foundation rather than the independent action of a third party not before the Court. (*Compare* Live Plead. at 6–7, *with Molina Healthcare*, 659 S.W.3d at 440 *and Heckman*, 369 S.W.3d at 155).

Case 1:25-cv-00465   Document 1-5   Filed 03/28/25   Page 11 of 20

Filed 2/19/2025 4:16 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

3.9. Consequently, he has also failed to identify how a favorable decision he hopes this Court might render would actually redress any putative injury he has yet neglected to adequately describe. (*Compare* Live Plead. at 6–7, *with Molina Healthcare*, 659 S.W.3d at 440 *and Heckman*, 369 S.W.3d at 155).

3.10. Because Mr. Geistweidt failed to allege that he has been personally aggrieved or suffered a concrete, particularized, actual or imminent injury traceable to the Foundation's conduct that would be redressed by a favorable decision, he lacks standing to prosecute the claims he purports to lodge in his Lawsuit and the Court must grant the Foundation's Plea to the Jurisdiction and dismiss his Lawsuit with prejudice.

**B.    The Court Must Dismiss Mr. Geistweidt's Lawsuit With Prejudice Because He is Not a Licensed Attorney Who Lacks Standing to Prosecute Claims on Behalf of Anyone Else Other Than Himself**

3.11. Because Mr. Geistweidt is not a licensed attorney, he lacks standing to prosecute claims on behalf of anyone else other than himself. Accordingly, the Court must grant the Foundation's Plea to the Jurisdiction and dismiss his Lawsuit with prejudice.

3.12. The practice of law is defined as:

> The ***preparation of a pleading*** or other document incident to an action or special proceeding or the ***management of the action or proceeding on behalf of a client before a judge in court*** as well as a service rendered out of court, including the giving of advice or the rendering of any service requiring the use of legal skill or knowledge, such as preparing a will, contract, or other instrument, the legal effect of which under the facts and conclusions involved must be carefully determined.

TEX. GOV'T CODE § 81.101(a) (emphasis added), *cited in In re Silver*, 540 S.W.3d 530, 535 (Tex. 2018). In turn, only persons who are members of the state bar may practice law in Texas. TEX. GOV'T CODE § 81.102(a), *cited in In re Nolo Press/Folk Law, Inc.*, 991 S.W.2d 768, 770 (Tex. 1999) (orig. proceeding). Here, Mr. Geistweidt's signature on his Live Pleading filed with the

Case 1:25-cv-00465   Document 1-5   Filed 03/28/25   Page 12 of 20

Filed 2/19/2025 4:16 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

Court demonstrates and constitutes a judicial admission that he is not a licensed Texas attorney yet has nevertheless impermissibly engaged in the unauthorized practice of law. (*Compare* Live Plead. at 7, *with* §§ 81.101(a), .102(a), *and* TEX. R. CIV. P. 57, *and Silver*, 540 S.W.3d at 535, *and Nolo*, 991 S.W.2d at 770, *and Gaytan*, 640 S.W.3d at 839).

      3.13.    Long-held public policy considerations concerning "protect[ing] the public against persons inexperienced and unlearned in legal matters from attempting to perform legal services" support "forbidding unlicensed persons to practice law." *Brown v. Unauthorized Practice of Law Comm.*, 742 S.W.2d 34, 41–42 (Tex. App.—Dallas 1987, writ denied). Ultimately, the "objective is to protect the public against injury from acts or services, professional in nature, deemed by both the legislature and the courts to be the practice of law, done or performed by those not deemed by law to be qualified to perform them." *Id.* at 42. As a result, courts "have the inherent power to inquire into the qualifications of those persons practicing law therein." *Magaha v. Holmes*, 886 S.W.2d 447, 448 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding) (per curiam).

      3.14.    Texas courts have consistently prevented unlicensed persons like Mr. Geistweidt from engaging in the unauthorized practice of law. ; *Est. of Maupin*, No. 13-17-00555-CV, 2019 WL 3331463 at *2 (Tex. App.—Corpus Christi-Edinburg July 25, 2019, pet. denied) (mem. op.) (nonattorney may not prosecute legal claims pro se in his capacity as independent executor of an estate); *Pham v. Harris Cnty. Rentals, LLC*, 455 S.W.3d 702, 710 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (unlicensed husband couldn't represent wife); *Scott v. Hamilton Cnty.*, No. 10-13-00411-CV, 2014 WL 5317771 at *3–4 (Tex. App.—Waco Oct. 16, 2014, pet. denied) (mem. op.) (same); *In re Guetersloh*, 326 S.W.3d 737, 739 (Tex. App.—Amarillo 2010, orig. proceeding) (unlicensed trustee may not appear pro se in representative capacity as trustee of trust); *Martin v. Com. Metals Co.*, 138 S.W.3d 619, 622 (Tex. App.—Dallas 2004, no pet.) (unlicensed appellant

Case 1:25-cv-00465   Document 1-5   Filed 03/28/25   Page 13 of 20

Filed 2/19/2025 4:16 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

could not represent other minor appellants); *Steele v. McDonald*, 202 S.W.3d 926, 928 (Tex. App.—Waco 2006, no pet.) (nonattorney may not prosecute legal claims pro se in his capacity as independent executor of an estate); *Jimison v. Mann*, 957 S.W.2d 860, 861 (Tex. App.—Amarillo 1997, no writ) (per curiam) (unlicensed rabbi/reverend who purported to act as next friend of plaintiff could not act as legal counsel); *Magaha*, 886 S.W.2d at 448 (plaintiff's unlicensed mother could not act as his attorney).

3.15.   Texas Rule of Civil Procedure 44 permitting "[m]inors, lunatics, idiots, or persons non compos mentis who have no legal guardian [to] sue and be represented by 'next friend'" does not vitiate § 81.102 such that unlicensed persons may practice law through appointment as next friend. *Swain v. Dobbs*, 692 S.W.3d 720, 732 (Tex. App.—Corpus Christi-Edinburg 2023, no pet.); *Gilbert v. Hous. Indep. Sch. Dist.*, No. 01-06-00159-CV, 2009 WL 3050886 at *2 (Tex. App.—Houston [1st Dist.] Sept. 24, 2009, no pet.) (mem. op.); *Jimison*, 957 S.W.2d at 861. And while a litigant may undoubtedly represent themselves pro se pursuant to Rule 7, this "right to represent oneself ***does not include the right to represent others***" under either Sections 81.101 or .102—even if they possess similar claims. *Benavides v. Rocha*, No. 04-95-00485-CV, 1996 WL 209795 at *4 (Tex. App.—San Antonio May 1, 1996, no pet.) (emphasis added); *see Ayres v. Canales*, 790 S.W.2d 554, 557 (Tex. 1990) (citing TEX. R. CIV. P. 7).

3.16.   Ultimately, unlicensed persons engaged in the unauthorized practice of law lack standing to prosecute legal claims on behalf of others. *Stamatina Holdings, LLC v. City of Dallas*, No. 05-21-00840-CV, 2022 WL 17351780 at *1 n.2 (Tex. App.—Dallas Dec. 1, 2022, no pet.) (mem. op.) (citing *Torrington*, 46 S.W.3d at 843 (persons don't have standing to complain of injuries that don't affect them personally but instead "merely affect the rights of others")).

Case 1:25-cv-00465   Document 1-5   Filed 03/28/25   Page 14 of 20

Filed 2/19/2025 4:16 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

3.17.   Because Mr. Geistweidt cannot credibly contest that he is not licensed to practice law in Texas, he lacks standing to prosecute claims on behalf of anyone else other than himself. Accordingly, the Court must grant the Foundation's Plea to the Jurisdiction and dismiss his Lawsuit with prejudice.

## IV.   RULE 91a MOTION TO DISMISS

### A.   Rule 91a Standard of Review

4.1.   The Texas Supreme Court has recognized that "allowing courts to dismiss meritless cases before parties engage in costly discovery" under Texas Rule of Civil Procedure 91a serves the objective of attaining adjudication of the rights of litigants through "great expedition and dispatch and at the least expense." *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.,* 595 S.W.3d 651, 656 (Tex. 2020).

4.2.   Parties "may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1; *see In re First Reserve Mgmt., LP*, 671 S.W.3d 653, 659 (Tex. 2023) (orig. proceeding). A cause of action has **no basis in law** "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Ibid*. In turn, a cause of action has **no basis in fact** "if no reasonable person could believe the facts pleaded." *Ibid*.

4.3.   A motion to dismiss a baseless cause of action brought under Rule 91a "must state that it is made pursuant to this rule, must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both." TEX. R. CIV. P. 91a.2. It "must be filed within 60 days after the first pleading containing the challenged cause of action is served on the movant." TEX. R. CIV. P. 91a.3(a).

Case 1:25-cv-00465   Document 1-5   Filed 03/28/25   Page 15 of 20

Filed 2/19/2025 4:16 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

4.4. In ruling on a motion to dismiss a baseless cause of action, the Court "may not consider evidence … and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." TEX. R. CIV. P. 91a.6; *see* TEX. R. CIV. P. 59. A court may grant a motion to dismiss a baseless cause of action if it determines a challenged cause of action has no basis **either** in law **or** fact. TEX. R. CIV. P. 91a.1; *see In re First Reserve*, 671 S.W.3d at 659. It does ***not*** need to find both. *Ibid.* Whether a defendant is entitled to dismissal under the facts alleged is a legal question. *In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding).

**B.    Because Mr. Geistweidt is Not a Licensed Attorney and Otherwise Lacks Standing to Prosecute Claims on Behalf of Anyone Else Other Than Himself, the Court Should Grant the Foundation's Rule 91a Motion to Dismiss and Dismiss His Lawsuit With Prejudice**

4.5. The Court should grant the Foundation's Rule 91a Motion to Dismiss, dismiss Mr. Geistweidt's Lawsuit with prejudice, and award the Foundation its reasonable and necessary attorney fees because Mr. Geistweidt not a licensed attorney authorized to practice law in Texas and otherwise lacks standing to prosecute claims on behalf of anyone else other than himself.

4.6. The Foundation timely files this Texas Rule of Civil Procedure 91a Motion within sixty (60) days after Mr. Geistweidt filed his Live Pleading on December 27, 2024. (*Compare* Live Plead. at 1, *with* TEX. R. CIV. P. 91a.3(a)). In adjudicating this Motion to Dismiss, the Court may not consider the evidence Mr. Geistweidt attached to his Live Pleading at Exhibits A, B-a–B-d, C–G. TEX. R. CIV. P. 91a.6. Prevailing parties represented by counsel may be awarded "all costs and reasonable and necessary attorney fees incurred." TEX. R. CIV. P. 91a.7.

Case 1:25-cv-00465   Document 1-5   Filed 03/28/25   Page 16 of 20

Filed 2/19/2025 4:16 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

4.7. For the reasons specifically stated both below and above in paragraphs 3.1–.17 hereby incorporated herein by reference pursuant to Rule 58, the Lawsuit has no basis in law or fact and should therefore be dismissed with prejudice under Rule 91a. *See* TEX. R. CIV. P. 58.

4.8. *First*, the Lawsuit has no basis in law because, even taking Mr. Geistweidt's allegations and any causes of action he has attempted to plead as true, together with inferences reasonably drawn from them, Mr. Geistweidt is nevertheless not entitled to the relief he seeks because he has no standing sufficient to confer subject-matter jurisdiction on this Court and is not a licensed attorney authorized to represent others before the Court. (*Compare* Live Plead. at 1–2, 6–7, *with* TEX. GOV'T CODE § 81.101(a), .102(a), *and In re First Reserve Mgmt., LP*, 671 S.W.3d 653, 659 (Tex. 2023) (orig. proceeding), *and Tex. Med. Res., LLP v. Molina Healthcare of Tex., Inc.*, 659 S.W.3d 424, 440 (Tex. 2023), *and Data Foundry, Inc. v. City of Austin*, 620 S.W.3d 692, 696 (Tex. 2021), *and Garcia v. City of Willis*, 593 S.W.3d 201, 206 (Tex. 2019), *and Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 155 (Tex. 2012), *and Douglas v. Delp*, 987 S.W.2d 879, 882 (Tex. 1999), *and Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000), *and* TEX. R. CIV. P. 91a.1–a.2).

4.9. *Second*, the Lawsuit has no basis in fact because Mr. Geisweidt has failed to sufficiently allege any facts that would enable a reasonable person to believe them as pled. (*Compare* Live Plead. at 1–2, 6–7, *with Molina Healthcare*, 659 S.W.3d at 440, *and Garcia*, 593 S.W.3d at 206, *and Heckman*, 369 S.W.3d at 155, *and Torrington*, 46 S.W.3d at 843, *and* TEX. R. CIV. P. 91a.1–a.2).

4.10. Because Mr. Geistweidt is not a licensed attorney authorized to practice law in Texas and otherwise lacks standing to prosecute claims on behalf of anyone else other than himself,

Case 1:25-cv-00465   Document 1-5   Filed 03/28/25   Page 17 of 20

Filed 2/19/2025 4:16 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

the Court should grant the Foundation's Rule 91a Motion to Dismiss, dismiss his Lawsuit with prejudice, and award the Foundation its reasonable and necessary attorney fees.

## V.   MOTION TO STRIKE

5.1.   Because Mr. Geistweidt has engaged in the unauthorized practice of law by filing his Live Pleading, which is itself groundless, the Court should strike it.

5.2.   Subject to their broad discretion to impose sanctions, Courts have the inherent power to strike pleadings signed by a person who is neither a party nor authorized to practice law. *See Jimison v. Mann*, 957 S.W.2d 860, 861 (Tex. App.—Amarillo 1997, no writ) (per curiam); *Onwuteaka v. Gill*, 908 S.W.2d 276, 280 (Tex. App.—Houston [1st Dist.] 1995, no writ). To this end, courts may also strike groundless pleadings. TEX. CIV. PRAC. & REM. CODE §§ 9.011, 9.012(e)(1).

5.3.   Here, for the reasons specifically stated above in paragraphs 3.1–.17 hereby incorporated herein by reference pursuant to Rule 58, both because Mr. Geistweidt engaged in the unauthorized practice of law by filing the Live Pleading and the Live Pleading itself is groundless due to Mr. Geistweidt's lack of standing, the Court should strike it. (*Compare* Live Plead. at 1–2, 6–7, *with* §§ 9.011, 9.012(e)(1), *and Jimison*, 957 S.W.2d at 861, *and Onwuteaka*, 908 S.W.2d at 280).

## VI.   CONCLUSION AND PRAYER

6.1.   For the foregoing reasons and good cause shown herein, the Foundation respectfully requests that the Court:

(1)   Grant the Plea to the Jurisdiction;

(2)   Grant the Motion to Dismiss;

(3)   Dismiss Mr. Geistweidt's Lawsuit with prejudice;

Case 1:25-cv-00465     Document 1-5     Filed 03/28/25     Page 18 of 20

Filed 2/19/2025 4:16 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

(4)  Grant the Motion to Strike;

(5)  Strike Mr. Geistweidt's Live Pleading; and

(6)  Award the Foundation all other and such further relief to which it may be entitled either at law or in equity.

February 19, 2025

Respectfully submitted,

**LANGLEY & BANACK, INC.**

By:  /s/ N. Taylor Williams
N. Taylor Williams
Texas Bar No. 24056536
twilliams@langleybanack.com
Ryan W. Finnegan
Texas Bar No. 24119322
rfinnegan@langleybanack.com

206 W. Main St.
Fredericksburg, Texas  78624
Telephone:    (830) 990-0557
Facsimile:      (830) 990-0559

Dylan O. Drummond
Texas Bar No. 24040830
ddrummond@langleybanack.com

745 E. Mulberry Ave., Ste. 700
San Antonio, Texas  78212
Telephone:    (210) 736-6600
Facsimile:      (210) 735-6889

**ATTORNEYS FOR PETITIONER
CREATE HEALTHY FOUNDATION**

Case 1:25-cv-00465   Document 1-5   Filed 03/28/25   Page 19 of 20

Filed 2/19/2025 4:16 PM
Jan Davis
District Clerk
Gillespie County, Texas
By Elaine Stewart

# CERTIFICATE OF SERVICE

Pursuant to Texas Rule of Civil Procedure 21a, I hereby certify I electronically filed with the Court and electronically served through the electronic-filing manager to all counsel of record a true and correct copy of the foregoing document on this, February 19, 2025.

| | |
|---|---|
| **KEVIN A. REED** <br> kreed@reedclaymon.com <br> **JENNIFER B. CLAYMON** <br> jclaymon@reedclaymon.com <br> Tel: 512.660.5960 <br> Fax: 512.660.5979 <br><br> **ATTORNEYS FOR PETITIONER** | **GABRIELLA M. GONZALEZ** <br> **ASSISTANT ATTORNEY GENERAL** <br> **VIA CM/RRR TO:** <br> **Office of the Attorney General** <br> **Consumer Protection Division** <br> **112 E. Pecan St., Suite 735** <br> **San Antonio, Texas 78205-1512** <br> Via Email: gabriella.gonzalez@oag.texas.gov <br> Tel: 210.270.1110 |
| **RAY C. GEISTWEIDT** <br> office@gfcocpa.com <br> Tel: 325.347.2655 <br><br> **PRO SE LITIGANT** | **DENISE DIAZ** <br> **VIA CM/RRR TO:** <br> **Office of the Attorney General** <br> **Charitable Trusts Section** <br> **Consumer Protection Division** <br> **P.O. Box 12548** <br> **Austin, Texas 78711-2548** <br> Via Email: denise.diaz@oag.texas.gov <br> Tel: 512.475.4168 |

       /s/ *N. Taylor Williams*
   N. Taylor Williams
   Ryan W. Finnegan
   Dylan O. Drummond

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lisa Lang on behalf of Norman Williams
Bar No. 24056536
llang@langleybanack.com
Envelope ID: 97567015
Filing Code Description: Motion (No Fee)
Filing Description: Create Healthy Foundation's Plea to the Jurisdiction, Motion to Dismiss, and Motion to Strike
Status as of 2/19/2025 4:23 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Lisa Lang | | llang@langleybanack.com | 2/19/2025 4:16:29 PM | SENT |
| Norman TaylorWilliams | | twilliams@langleybanack.com | 2/19/2025 4:16:29 PM | SENT |
| Ryan Finnegan | | rfinnegan@langleybanack.com | 2/19/2025 4:16:29 PM | SENT |
| Kevin Reed | | kreed@reedclaymon.com | 2/19/2025 4:16:29 PM | SENT |
| Jennifer B.Claymon | | jclaymon@reedclaymon.com | 2/19/2025 4:16:29 PM | SENT |

Associated Case Party: Attorney General on Behalf of the Public Interest in Charity

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Gabriella M. Gonzalez | | gabriella.gonzalez@oag.texas.gov | 2/19/2025 4:16:29 PM | SENT |
| Denise Diaz | | denise.diaz@oag.texas.gov | 2/19/2025 4:16:29 PM | SENT |

Associated Case Party: Create Healthy Foundation

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Dylan O.Drummond | | ddrummond@langleybanack.com | 2/19/2025 4:16:29 PM | SENT |

Associated Case Party: RayC.Geistweidt

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ray Geistweidt | | office@gfcocpa.com | 2/19/2025 4:16:29 PM | SENT |