# EXHIBIT G

Case 1:25-cv-00465    Document 1-7    Filed 03/28/25    Page 2 of 10

Filed 3/28/2025 8:34 AM
McKenna Monk
District Clerk
Gillespie County, Texas
By Kim Durst

CAUSE NO. 24-17982-A

| | | |
|---|---|---|
| IN RE: | § | IN THE 216TH DISTRICT COURT OF |
| | § | |
| CREATE HEALTHY FOUNDATION | § | GILLESPIE COUNTY, TEXAS |
| | § | |

**ORIGINAL PETITION IN INTERVENTION**

NOW COMES THE CHARLEMAGNE INSTITUTE as the successor in interest to THE ROCKFORD INSTITUTE ("**Charlemagne**"), and files this its Original Petition in Intervention and in support thereof shows the following:

I.
**Intervenor's Interest in Lawsuit**

1. This intervention is appropriate by virtue of Tex. R. Civ. P. 60. A party may intervene if it has a justiciable interest in the lawsuit. A party has a justiciable interest in a lawsuit when its interest will be affected by the litigation. A party may intervene in a suit if it (1) could have brought all or part of the same suit in its own name, or (2) would have been able to defeat all or part of the recovery if the suit had been filed against it. As set forth below, Charlemagne as a remainder beneficiary under the Last Will and Testament of Hannelor Schwindt ("Schwindt Will") is entitled to recover its proportionate share of the lapsed gift originally made to the Hill Country Memorial Hospital. The relief being requested by Create Healthy Foundation is an express violation of the Schwindt Will and violates applicable law. Charlemagne's presence in this suit is necessary to protect its interest and defend against the claims being made by Create Healthy Foundation. Charlemagne would have been able to defeat all or part of the recovery sought by Plaintiff if the suit had been filed against it.

1

Case 1:25-cv-00465   Document 1-7   Filed 03/28/25   Page 3 of 10

Filed 3/28/2025 8:34 AM
McKenna Monk
District Clerk
Gillespie County, Texas
By Kim Durst

## II.
## Parties

2. Intervenor, THE CHARLEMAGNE INSTITUTE as the successor in interest to THE ROCKFORD INSTITUTE, is a Minnesota nonprofit corporation with its principal place of business in Bloomington, Hennepin County, Minnesota at 8011 34th Ave. S. Suite C-26, Bloomington, MN 55425.

3. Create Healthy Foundation is a Texas nonprofit corporation and has appeared in this case for all purposes.

## III.
## Background Facts

4. Hannelore Schwindt ("Schwindt"), after growing up in Germany towards the end of World War II, immigrated to the United States when she was 18 years old. Her husband eventually became the Chairman of the Board of N.E. US Casualty Insurance Company and in retirement they purchase a retirement home in Cherry Springs, Gillespie County, Texas.

5. While in Gillespie County, on January 19, 2006, Schwindt executed her Last Will and Testament expressly setting forth her instructions on how to distribute her estate upon her death. Approximately $2 million of her estate was distributed to Schwindt's relatives in Germany. The remaining assets of her estate were to be divided into four equal shares to the Remainder Beneficiaries:

    a. Hill Country Memorial Hospital Foundation, Inc.

    b. Texas Hill Country University Center Foundation

    c. Rockford Institute

    d. Hillsdale College

Case 1:25-cv-00465   Document 1-7   Filed 03/28/25   Page 4 of 10

Filed 3/28/2025 8:34 AM
McKenna Monk
District Clerk
Gillespie County, Texas
By Kim Durst

6. Although there were no limitations or restrictions to the gifts made to Texas Hill Country University Center Foundation, Rockford Institute (now known as Charlemagne), or Hillsdale College, the gift to Hill Country Memorial Hospital Foundation, Inc. had significant restrictions and limitations. Specifically, the gift was to be maintained and administered as a perpetual fund and the income generated from the fund was to be used exclusively for capital expenditures of Hill Country Memorial Hospital and equipment purchases for the hospital. The Schwindt Will further provided that if any recipient of a bequest under the residual clause was not a nonprofit organization, the gift would lapse:

> 3.2  <u>Tax Exempt Charities</u>. If any recipient of a bequest under paragraph 3.1 of my Will is not an organization which may receive testamentary gifts which are deductible for federal estate tax purposes . . . that bequest to that organization shall lapse . . .
>
> I give, devise and bequeath to those beneficiaries under paragraph 3.1 that are bequeathed a portion of my residual estate . . . any bequest which has lapsed . . .
>
> This bequest of a lapsed gift shall be distributed to each qualifying beneficiary in amounts which bear the same ratio to each other as the shares devised to each qualifying beneficiary bears to the total shares devised to the qualifying beneficiaries.

7. Effective April 1, 2023, Hill Country Memorial Hospital and its related nonprofit entities sold to Methodist Healthcare System of San Antonio, Ltd., L.L.P. and Hospital Corporation of America ("HCA") converting the hospital from a nonprofit organization to a for profit partnership. This transaction was done in the dark of night and without any transparency to the many donors that donated millions of dollars to help support the local nonprofit Hill Country Memorial Hospital.

8. To protect the new for profit owners, it is believed that the Asset Purchase Agreement or affiliated documents controlling the hospital sale, contained non-compete language

3

Case 1:25-cv-00465   Document 1-7   Filed 03/28/25   Page 5 of 10

Filed 3/28/2025 8:34 AM
McKenna Monk
District Clerk
Gillespie County, Texas
By Kim Durst

requiring Hill Country Memorial Hospital and Hill Country Memorial Hospital Foundation to change their names to the Create Healthy brand. The corporate documents were then materially altered to change the original purpose to make sure that proceeds from the sale and donor funds could never be used to cause any competition against the for profit hospital and their wealthy shareholders. The new hospital was able to achieve this by excusing the overwhelming number of board of directors, paying over $1 million to those that remained, and cause both the newly named Create Healthy entities to have identical officers/directors so that they would act in complete lockstep in protecting the for profit shareholders.

10. Plaintiff Create Healthy Foundation's pleadings are judicial admissions that the hospital is now for profit and the original donative intent as set forth in the Schwindt Will can no longer be honored. This reality did not occur through some accident or mistake or a change in the law but by design to protect the shareholders of Methodist and HCA, a multi-billion dollar enterprise. Create Healthy's attempt to unilaterally alter the terms of the Schwindt Will and ask the Court to judicially violate Schwindt's donative intent by forcing her funds to be used for a purpose she never intended is unconscionable, not supported under Texas law, and should not be sanctioned by this Court. Schwindt's Will and applicable Texas law dictates that if any of the residual estate lapses, the remaining qualified beneficiaries are to receive the funds.

## IV.
## Intervenor's Causes of Action

Count One – Declaratory Relief

11. Intervenor as a remainder beneficiary under the Schwindt Will seeks the following declarations from the Court (understanding that some of the declarations are being made in the alternative):

4

Case 1:25-cv-00465   Document 1-7   Filed 03/28/25   Page 6 of 10

Filed 3/28/2025 8:34 AM
McKenna Monk
District Clerk
Gillespie County, Texas
By Kim Durst

a. The Schwindt Will requires that any recipient of a bequest under 3.1 of the Schwindt Will must be a nonprofit organization;

b. As a result of the sale of the hospital from Hill Country Memorial Hospital to Methodist Healthcare System of San Antonio, Ltd., L.L.P., the hospital is no longer a nonprofit organization;

c. The Schwindt Will requires that the gift to Hill Country Memorial Hospital Foundation, Inc. be maintained and administered as a perpetual fund and the income generated therefrom could only be used for capital expenditures and equipment purchases for the hospital;

d. As a result of the hospital sale and the material changes made to the amended purpose of Hill Country Memorial Hospital and Hill Country Memorial Hospital Foundation, Inc., the Schwindt Will restrictions and limitations cannot be honored or fulfilled;

e. The restrictions and limitations placed on the Schwindt's bequest to Hill Country Memorial Hospital Foundation, Inc. for the benefit of Hill Country Memorial Hospital cannot be modified as petitioned by Plaintiff;

f. The bequest by Schwindt to Hill Country Memorial Hospital Foundation, Inc. for the benefit of the hospital has lapsed;

g. Allowing Create Healthy Foundation to retain the Schwindt Funds contravenes Schwindt's donative intent as evidenced by the terms of the Schwindt Will.

h. The amended purposes of Create Healthy Foundation and Create Healthy Management are inconsistent with (2) Schwindt's donative intent and (2) the charitable purposes expressed in the Schwindt Will.

5

Case 1:25-cv-00465   Document 1-7   Filed 03/28/25   Page 7 of 10

Filed 3/28/2025 8:34 AM
McKenna Monk
District Clerk
Gillespie County, Texas
By Kim Durst

      i.      The Schwindt funds being held by Create Healthy Foundation must be distributed pro rata to the qualified remainder beneficiaries under the Schwindt Will.

      j.      Once the Schwindt funds were transferred to Hill Country Memorial Hospital Foundation, Inc. for the benefit of the hospital, it became a trust. Because neither the original trustee nor the beneficiary exist, the trust has failed and funds must be returned to the Schwindt Estate for distribution to the qualified remainder beneficiaries.

## V.
## Attorneys' Fees

12.    Intervenor seeks and is entitled to reasonable and necessary attorneys' fees under Section 37.009 of the Texas Civil Practice & Remedies Code.

## VI.
## Jury Demand

13.    Intervenor demands a jury trial and tenders the appropriate fee with this intervention.

## VII.
## Conditions Precedent

14.    All conditions precedent to Intervenor's claims for relief have been performed or have occurred.

## VIII.
## Prayer

15.    For these reasons, Intervenor ask the Court to render judgment that Plaintiffs take nothing, assess costs against Plaintiffs, and award Intervenor all other relief to which Intervenor is entitled. Intervenor further seeks:

    a. Declaratory relief as set forth above;

    b. Court costs;

Case 1:25-cv-00465   Document 1-7   Filed 03/28/25   Page 8 of 10

Filed 3/28/2025 8:34 AM
McKenna Monk
District Clerk
Gillespie County, Texas
By Kim Durst

c. Attorneys' fees;

d. Prejudgment and post judgment interest; and

e. All other relief to which Counter Plaintiffs are entitled under law and equity.

Respectfully submitted,

**GONZALEZ, CHISCANO, ANGULO & KASSON, P.C.**
9601 McAllister Freeway, Suite 401
San Antonio, Texas 78216
Telephone No. 210-569-8500
Telecopier No. 210-569-8490

By:   */s/ Steve Chiscano*
      STEVE A. CHISCANO
      State Bar No. 24001882
      schiscano@gcaklaw.com
      NADEEN ABOU-HOSSA
      State Bar No. 24115449
      nabou-hossa@gcaklaw.com

      and

      **Pipkin Law**
      10001 Reunion Place, Suite 640
      San Antonio, Texas 78216
      Phone: 210-731-6496

By:   */s/ Marvin G. Pipkin*
      MARVIN G. PIPKIN
      State Bar No. 16026600
      mpipkin@pipkinlawsatx.com

7

Case 1:25-cv-00465   Document 1-7   Filed 03/28/25   Page 9 of 10

Filed 3/28/2025 8:34 AM
McKenna Monk
District Clerk
Gillespie County, Texas
By Kim Durst

## CERTIFICATE OF SERVICE

I hereby certify that on the **28th day of March, 2025**, in accordance with the Texas Rules of Civil Procedure, a true and correct copy of foregoing document has been forwarded to the following by electronic delivery:

N. Taylor William         twilliams@langleybanack.com
Ryan Finnegan             rfinnegan@langleybanack.com
Langley & Banack, Inc.
206 W. Main St.
Fredericksburg, Texas 78624


Kevin Reed                kreed@reedclaymon.com
Jennifer Claymon          jclaymon@reedclaymon.com
5608 Parkcrest Drive, Suite 200
Austin Texas 78731

:                           */s/ Steve Chiscano*_____
                            STEVE A. CHISCANO

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Miranda Salazar on behalf of Steve Chiscano
Bar No. 24001882
msalazar@gcaklaw.com
Envelope ID: 98999043
Filing Code Description: Counter Claim/Cross Action/Interpleader/Intervention/Third Party
Filing Description: Original Petition in Intervention
Status as of 3/28/2025 8:45 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Miranda RoseSalazar | | msalazar@gcaklaw.com | 3/28/2025 8:34:22 AM | SENT |
| Nadeen Abou-Hossa | | nabou-hossa@gcaklaw.com | 3/28/2025 8:34:22 AM | SENT |
| Steve AChiscano | | schiscano@gcaklaw.com | 3/28/2025 8:34:22 AM | SENT |
| Marvin Pipkin | 16026600 | mpipkin@pipkinlawsatx.com | 3/28/2025 8:34:22 AM | SENT |
| Norman Williams | 24056536 | twilliams@langleybanack.com | 3/28/2025 8:34:22 AM | SENT |
| Ryan Finnegan | 24119322 | rfinnegan@langleybanack.com | 3/28/2025 8:34:22 AM | SENT |
| Kevin Reed | | kreed@reedclaymon.com | 3/28/2025 8:34:22 AM | SENT |
| Jennifer Claymon | | jclaymon@reedclaymon.com | 3/28/2025 8:34:22 AM | SENT |