# EXHIBIT H

Cause No. 24-17982-A

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT |
| | § | |
| CREATE HEALTHY FOUNDATION | § | GILLESPIE COUNTY, TEXAS |
| | § | |
| | § | 216th JUDICIAL DISTRICT |

## HILLSDALE COLLEGE'S PETITION IN INTERVENTION

Pursuant to Texas Rule of Civil Procedure 60, Intervenor Hillsdale College ("Hillsdale") files this Petition in Intervention. Hillsdale's intervention is essential to protect its interest. To that end, Hillsdale respectfully shows the Court as follows:

### I.    PARTIES

Intervenor Hillsdale is a non-profit corporation duly organized and existing under the laws of the State of Michigan, with its principal place of business in Hillsdale, Michigan.

Petitioner Create Healthy Foundation has appeared in this matter and may be served through its attorney of record.

### II.    JURISDICTION AND VENUE

This Court has personal jurisdiction over Create Healthy Foundation, who has already appeared in this action.

This Court has personal jurisdiction over Hillsdale for purposes of this action because it appears herein as an intervenor pursuant to Texas Rule of Civil Procedure 60. Hillsdale does not challenge the venue of this action.

### III.    FACTUAL BACKGROUND

Hillsdale is a remainderman beneficiary under the Last Will and Testament of Hannelore Schwindt (the "Will"). Section 3.1(a) of the Will sets forth specific gifts to be given to Ms. Schwindt's sisters, brother, niece, and nephew, and provides that the residue of her estate would be shared with several nonprofit organizations, among them Hill Country Memorial Hospital Foundation, Inc. (the "Hospital Foundation") benefiting Hill Country Memorial Hospital (the "Hospital"), and Hillsdale. Section 3.2 of the Will provides that if "any

recipient" of a bequest under Section 3.1 is not a tax-exempt charity under Section 2055 of the Internal Revenue Code of 1986, "the bequest to that organization shall lapse" and is then divided among the remaining residuary beneficiaries in Section 3.1 of the Will.

As of April 1, 2023, the Hospital sold its assets related to the operation of the hospital and ceased to exist. The former Hospital reorganized and was renamed to "Create Healthy Management," which operates as "a fitness/wellness center and thrift store." Pet. for Modification of Restrictions on Purpose of Institutional Funds ¶ 6. The Hospital Foundation, likewise, changed its name to "Create Healthy Foundation" and seeks to revise its purposes. *Id.*

On September 30, 2024, Petitioner Create Healthy Foundation filed its Petition for Modification of Restrictions on Purpose of Institutional Funds (the "Petition"). Under the Uniform Prudent Management of Institutional Funds Act ("UPMIFA") Section 163.007 or in the alternative, Tex. Prop. Code. Section 112.054(b), the Petition requests that the Court modify any restriction that limits the use of gifts or bequests that benefit the Hospital or Foundation so that they may be retained by Create Healthy Foundation. *Id.* ¶¶ 9–10, 21.

### IV.    JUSTICIABLE INTEREST

An intervenor must have a justiciable interest in a suit. *See Mendez v. Brewer,* 626 S.W.2d 498, 499 (Tex. 1982). A party has a justiciable interest when its interests will be affected by the litigation. *Law Offices of Windle Turley, P.C. v. Ghiasinejad*, 109 S.W.3d 68, 70 (Tex. App.—Fort Worth 2003, no pet.). Hillsdale intervenes in this action as a beneficiary to the charitable trust created under the Will because its interest will be affected by Petitioner's lawsuit. Hillsdale would have been able to defeat all or part of the recovery sought by Petitioner if the suit had been filed against it.

The bequest to the Hospital Foundation and Hospital established a charitable trust for which Ms. Schwindt is the settlor, according to the definition in Section 123.001(2) of the

Texas Property Code. TEX. PROP. CODE § 123.001(2) ("'Charitable trust' means a charitable entity, a trust the stated purpose of which is to benefit a charitable entity, or an inter vivos or testamentary gift to a charitable entity."); *Blocker v. State*, 718 S.W.2d 409, 415 (Tex. App.— Houston [1st Dist.] 1986, writ ref'd n.r.e.) (acceptance of donated assets by a corporation establishes a charitable trust for the stated purposes set forth in the articles of incorporation). Under Texas law, when a gift lapses, it passes by intestate succession unless the will provides for a substitute devisee. *Najvar v. Vasek*, 564 S.W.2d 202, 208 (Tex. App.—Corpus Christi 1978, writ ref'd n.r.e.). Here, Ms. Schwindt provided for a substitute devisee in Section 3.2 of the Will. Because the Hospital is no longer an exempt organization as intended by the Will, and because Hospital Foundation and the Hospital can longer meet the restrictions on the gift provided in the Will, the substitute devisee provision in the Will has been triggered and the remaining funds should be distributed to the remaining residuary beneficiaries, including Hillsdale. Create Healthy Foundation asks the Court to excuse the lapse of the charitable gift and prevent Hillsdale and the other beneficiaries from receiving their share of the gift. Hillsdale, therefore, has a justiciable interest that will be affected by the lawsuit.

As to the merits of the Petition, Create Healthy Foundation's requested modification is inconsistent with the material purpose of the charitable trust created under Ms. Schwindt's Will. Ms. Schwindt made her intent clear under the Will—she intended for the bequest to the Hospital Foundation to be used for the nonprofit Hospital in perpetuity. She expressed her intent that the nonprofit Hospital use her funds solely for capital expenditures and hospital equipment. The fact that she used mandatory language, and specified in addition what the funds could *not* be used for, establishes the intent and purpose of the gift and establishes a restricted gift. Further, Ms. Schwindt provided for a reverter/gift over if a gift failed. She stated in Section 3.2 of her Will that if any organization to which a testamentary bequest is made is no longer a tax-exempt entity, the share allocated to that entity would be split among the eligible

remaindermen. Further, Ms. Schwindt's clear intent in Sections 3.1 and 3.2 of the Will was that any lapse in the gift due to the Hospital Foundation's and the Hospital's inability to meet the restrictions thereof resulted in a gift over to the remainder beneficiaries. This indicates her intent to give funds strictly to the charities named in her Will. She notably did not give her executor, the Hospital Foundation, or the Hospital, discretion to redirect the funds to another charity, or for a different purpose.

Create Healthy Foundation and Create Healthy Management are different in kind, purpose, and name from the charities Ms. Scwhindt wanted to support. They are functionally alien charities. Regardless of whether the Court applies Section 112.054 of the Texas Trust Code, Section 163.007 of the Texas Property Code, or *cy pres* under common law—Create Healthy Foundation's arguments lack merit. Accordingly, the gift to the Hospital Foundation and Hospital must lapse and be distributed to the other remainder beneficiaries, including Hillsdale.

## V.    GENERAL DENIAL

Hillsdale generally denies the allegations in the Petition and demands strict proof thereof pursuant to Rule 92 of the Texas Rules of Civil Procedure.

## PRAYER

WHEREFORE, Hillsdale prays that this Court rejects the modification proposed by Create Healthy and grants Hillsdale its court costs and all other relief, in law or in equity, to which Hillsdale may be entitled.

Dated: March 28, 2025     Respectfully submitted,

          **FOLEY & LARDNER LLP**

          By: */s/ Brantley A. Smith*
            Brantley A. Smith
            Texas Bar No. 24110375
            2021 McKinney, Suite 1600
            Dallas, Texas 75201
            Tel:  214.999.3000
            Fax: 214.999.4667
            bsmith@foley.com

            Eric L. Maassen (*pro hac vice application forthcoming*)
            777 E. Wisconsin Avenue
            Milwaukee, WI  53202
            Tel: 414.297.5585
            Fax: 414.297.4900
            emaassen@foley.com

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing was served on all counsel of record on this 28th day of March, 2025, in accordance with the Texas Rules of Civil Procedure.

            */s/ Brantley A. Smith*
            Brantley A. Smith