IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |  |
|---|---|---|
| CREATE HEALTHY FOUNDATION<br>　　　Petitioner | § § § | |
| v. | § § | CASE NO. 1:25-cv-00465-DAE |
| THE CHARLEMAGNE INSTITUTE,<br>HILLSDALE COLLEGE, and<br>FORGING FUTURES EDUCATION FUND<br>　　　Intervenors and Defendants | § § § § § | |

## FORGING FUTURES EDUCATION FUND'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES, Intervenor Forging Futures Education Fund f/k/a Texas Hill Country Higher Education Development Foundation d/b/a the Hill Country University Center a/k/a the Texas Hill Country University Center Foundation (herein "Forging Futures") and files this Original Complaint and alleges as follows:

**I.**

**PARTIES**

1.　Petitioner, Create Healthy Foundation, is a Texas nonprofit corporation and has appeared in this matter and may be served through its attorney of record.

2.　Intervenor, The Charlemagne Institute, is a Minnesota nonprofit corporation and has appeared in this matter and may be served through its attorney of record.

3.　Intervenor, Hillsdale College, is a Michigan nonprofit corporation and has appeared in this matter and may be served through its attorney of record.

4. Intervenor, Forging Futures, is a Texas nonprofit corporation and may be served through its attorney of record.

## II.

## JURISDICTION AND VENUE

5. The Gillespie County, Texas District Court has personal jurisdiction over Create Healthy Foundation because it is a Texas nonprofit corporation.

6. The Gillespie County, Texas District Court has personal jurisdiction over The Charlemagne Institute for purposes of this action because it appears as an intervenor pursuant to Texas Rules of Civil Procedure 60. On March 28, 2025, in the Gillespie County, Texas District Court, The Charlemagne Institute filed its Notice to State Court of Removal to the United States District Court for the Western District of Texas, Austin Division.

7. The Gillespie County, Texas District Court has personal jurisdiction over Hillsdale College for purposes of this action because it appears as an intervenor pursuant to Texas Rules of Civil Procedure 60. *Hillsdale College's Petition in Intervention*, filed March 28, 2025, states that Hillsdale College does not challenge the venue in this action.

8. The Gillespie County, Texas District Court has personal jurisdiction over Forging Futures for purposes of this action because it appears as an intervenor pursuant to Texas Rules of Civil Procedure 60, and because it is a Texas domestic non-profit corporation.

## III.

## BACKGROUND

9. Forging Futures is a remainder beneficiary under the Last Will and Testament of Hannelore Schwindt (the "Will"). Section 3.1(a) of the Will sets forth specific gifts to be given to

Hannelore Schwindt's various family members. The rest and residue of her estate she bequeathed to four nonprofit organizations, in equal shares. The remainder beneficiaries are (a) Hill Country Memorial Hospital Foundation, Inc. ("Hospital Foundation"), for the benefit of Hill Country Memorial Hospital ("Hospital"); (b) Texas Hill Country University Center Foundation; (c) the Rockford Institute; and (d) Hillsdale College.

10. Section 3.2 of the Will provides that if any recipient of a bequest under Section 3.1 is not an organization which may receive gifts which are deductible for federal estate tax purposes under Section 2055 of the Internal Revenue Code of 1986, the bequest to that organization shall lapse and is then divided among the remaining residuary beneficiaries in section 3.1 of the Will in equal shares.

11. On September 30, 2024, Create Healthy Foundation filed its *Original Petition for Modification of Restrictions on Purpose of Institutional Funds* ("Petition") pursuant to Section 163.007 of the Uniform Prudent Management of Institutions Act ("UPMIFA") or in the alternative, Tex. Prop. Code Section 112.054(b). The Petition requests the Court modify any restriction that limits the use of gifts or bequests that benefit the Hospital or Hospital Foundation so funds may be retained by Create Healthy Foundation.

12. Charlemagne Institute and Hillsdale College have each filed petitions in intervention alleging the following: (i) Create Healthy Foundation's attempt modify the restrictions under the Schwindt Will are improper; (ii) the Schwindt Will's bequest to Hill Country Memorial Hospital Foundation has lapsed; and (iii) under the Schwindt Will and Texas law, when any of the residual estate lapses, the remaining qualified beneficiaries are to receive the funds, in equal shares.

13. Intervenor Forging Futures is a remainder beneficiary that would be entitled to receive a share of funds from a lapsed gift, to the extent Hillsdale College or Charlemagne Institute prevail under any claims asserted in this matter.

## IV.

## JUSTICIABLE INTEREST

14. Forging Futures has a justiciable interest that will be affected by this lawsuit in that Forging Futures will be affected by the outcome of Create Healthy Foundation's Original Petition to Modify Restrictions for Use of Institutional Funds, Charlamagne Institute's Original Petition in Intervention and Hillsdale College's Original Petition in Intervention.

15. An intervenor must have a justiciable interest in a suit. *See Mendez v. Brewer*, 626 S.W.2d 498, 499 (Tex. 1982). A party has a justiciable interest when its interests will be affected by the litigation. *Law Offices of Windle Turley, P.C. v. Ghiasinejad*, 109 S.W.3d 68, 70 (Tex. App.—Fort Worth 2003, no pet.). Forging Futures intervenes in this action as a remainder beneficiary under the Will. Forging Futures will be affected by claims asserted by each party to this proceeding.

16. Forging Futures has an interest in the claims made in this proceeding; disposing of the action would impair Forging Futures' ability to protect its interest; and the existing parties do not adequately represent Forging Futures' interest. Moreover, Forging Futures' intervention will not unduly delay or prejudice the rights of the existing parties. Accordingly, pursuant to F.R.C.P 24(a) Forging Futures is entitled to an Intervention of Right.

## V.

## CAUSE OF ACTION

## Count I
## Declaratory Judgment

17. Intervenor Forging Futures restates and incorporates by reference the allegations set forth in the proceeding and foregoing paragraphs as if set forth fully herein.

18. This intervention is being brought pursuant to 28 U.S.C. § 2201 which states in relevant part:

> …any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not such relief is or could be sought.

19. Intervenor Forging Futures seeks a declaratory judgment under the U.S. Declaratory Judgment Act declaring that Forging Futures is a remainder beneficiary under the Schwindt Will and that Forging Futures is entitled to receive a portion of any funds this Court determines are distributable pursuant to the residual clause of the Schwindt Will.

20. This is an actual and live controversy because the determination of this issue directly affects Intervenor Forging Future's rights and interest under the Schwindt Will pending an order of this Court.

21. Intervenor Forging Futures, through this action, seeks to have the Court declare that (i) Forging Futures is a remainder beneficiary under the Schwindt Will; and (ii) Forging Futures is entitled to receive a share of all funds distributable pursuant to the residual clause of the Schwindt Will, to the extent such funds become available as a result of this proceeding.

### VI.
### **ATTORNEY'S FEES**

22.     Intervenor Forging Futures has been required to retain legal counsel as a result of the pending proceeding and now seeks its reasonable and necessary legal fees and expenses pursuant to Tex. Civ. Prac. & Rem. Code § 37.009.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Forging Futures prays that this Court (i) enter judgment in favor of Forging Futures on all claims for declaratory relief; (ii) award Intervenor Forging Futures all reasonable and necessary attorney's fees, expenses and costs incurred in this litigation; and (iii) further grant Intervenor Forging Futures all other relief, in law or in equity, to which it may be justly entitled.

Date:   April 15, 2025

                                        Respectfully submitted,


                                        **BROCK UPHAM YOST & STRIEBER, PLLC**
                                        616 East Blanco Road, Suite 202B
                                        Boerne, Texas 78006
                                        Telephone:  (830) 816-9033
                                        Facsimile:  (830) 584-0774



                                        BY:     /s/ *Gregory B. Yost*
                                                GREGORY B. YOST
                                                State Bar No. 24082391
                                                Email:  greg@buys-law.com

                                        **ATTORNEYS FOR FORGING FUTURES EDUCATION FUND**

## CERTIFICATE OF SERVICE

      I hereby certify that on April 15, 2025, in accordance with the Federal Rules of Civil Procedure, a true and correct copy of foregoing document has been forwarded to the following by electronic delivery:

| | |
|---|---|
| N. Taylor Williams | twilliams@langleybanack.com |
| Ryan Finnegan | rfinnigan@langleybanack.com |
| LANGLEY & BANACK, INC. | |
| 206 West Main Street | |
| Fredericksburg, Texas 78624 | |
| | |
| Kevin Reed | kreed@reedclaymon.com |
| Jennifer Claymon | jclaymon@reedclaymon.com |
| REED, CLAYMON, MEEKER, KRIENKE & SPURCK, PLLC | |
| 5608 Parkcrest Drive, Suite 200 | |
| Austin, Texas 78731 | |
| | |
| Steve A. Chiscano | schiscano@gcaklaw.com |
| Nadeen Abou-Hossa | nabou-hossa@gcaklaw.com |
| GONZALEZ, CHISCANO, ANGULO & KASSAN, P.C. | |
| 9601 McAllister Freeway, Suite 401 | |
| San Antonio, Texas 78216 | |
| | |
| Marvin G. Pipkin | mpipkin@pipkinlawsatx.com |
| PIPKIN LAW | |
| 10001 Reunion Place, Suite 640 | |
| San Antonio, Texas 78216 | |
| | |
| Brantley A. Smith | bsmith@foley.com |
| FOLEY & LARDNER LLP | |
| 2021 McKinney, Suite 1600 | |
| Dallas, Texas 75201 | |
| | |
| Eric Maaassen | emaassen@foley.com |
| 777 E. Wisconsin Avenue | |
| Milwaukee, Wisconsin 53202 | |

                            /s/ *Gregory B. Yost*
                            GREGORY B. YOST